ALFRED B. NICHOLAUS, Plaintiff, *v.* " JOHN DOE " and " RICHARD ROE," Respectively President and Secretary of Hotel & Restaurant Employees' Union, Local 320, an Unincorporated Labor Association of Schenectady, New York, etc., and Others, Defendants.

Supreme Court, Schenectady County, December 26, 1940.

*William D. Smith*, for the plaintiff.

*Boyle & Lynch* [*James P. Boyle* of counsel], for the defendants.

LAWRENCE, J.   The defendants take the position that upon the complaint and accompanying papers the motion should be denied and the complaint dismissed, upon the ground that it does not state facts sufficient to constitute a cause of action and does not comply with section 876-a of the Civil Practice Act.   Such claim is made upon the theory that a labor dispute is involved.

The plaintiff takes the position that no labor dispute is involved and seeks a temporary injunction against picketing.   Other relief is sought in case denials of the complaint are presented and the court should feel that a labor dispute is involved, which, under the circumstances, it is not necessary to consider.

We, therefore, approach the question of whether, upon the allegations of the complaint, a labor dispute is involved.   From the complaint it appears that the plaintiff is the proprietor of a restaurant in Schenectady, N. Y., and has been such proprietor for a number of years.   It further appears that the business represents a very substantial investment.   It further appears that the plaintiff employs about fifteen persons, some of whom have been so employed for over fifteen years.   It further appears that none of the employees of the plaintiff is a member of the defendant union and that he does not desire to become such member or to have the defendant union represent him or to picket the plaintiff's premises.   It further appears that none of the employees has been engaged in the picketing complained of.   It further appears that late in 1939 or early in 1940, representatives of the defendant union asked the plaintiff if he had any objection to " organizing his place," to which he replied, " No, go ahead."   It further appears that in March, 1940, a meeting of the plaintiff's employees was held at the plaintiff's restaurant, which the plaintiff did not attend. Representatives of the defendant union were present and the question of having a union was discussed.   Within a few days thereafter a secret ballot was taken by the employees upon the question of joining the defendant union with the result, one vote " Yes " and thirteen votes " No."   It further appears from the complaint that no labor dispute exists between the plaintiff and his

employees. It further appears that all of the employees of the plaintiff take the position that they do not desire any outside interference in their relations with their employer. It further appears that they were told by a representative of the defendant union that the plaintiff's place of business would be picketed and advised against it. They were told that the defendant union had voted to picket the premises of the plaintiff, to which they objected, as they had no notice of such action and no opportunity to object. It further appears that thereupon three or four of the employees, who were then members of the defendant union, withdrew from such union. It further appears that about that time representatives of the defendant union submitted to the plaintiff a closed shop agreement and asked him to sign it. This he declined to do without first determining whether his employees consented and without first consulting his attorney. It further appears that the representatives of the defendant union insisted that they would picket the plaintiff's place of business unless he signed the agreement submitted  It further appears that none of the plaintiff's employees asked the plaintiff to negotiate with the defendant union or to sign any contract. It further appears that after the submission of the proposed closed shop agreement the defendant union did picket the place of business of the plaintiff with signs indicating, among other things, that a strike was in progress. It further appears from the complaint that the purpose of picketing was to require the plaintiff to execute the closed shop agreement to the end that union dues might be collected.

Enough has been stated to indicate briefly the nature of the controversy. Stripped of all unnecessary verbiage, it would seem that the defendant union seeks to compel the plaintiff to sign a closed shop agreement with a union which does not include in its membership any employee of the plaintiff, upon the theory that such right exists in order to raise the standard of wages within the union when, according to the complaint, the standard now existing is higher than among other local establishments in the same industry.

The primary question involved is whether, under the circumstances, a labor dispute is involved. Section 876-a of the Civil Practice Act is, therefore, to be considered in the light of its language and the decisions thereunder and the facts in this particular case as stated in the complaint. The language of that statute is very comprehensive in its scope and harsh in its requirements. Numerous cases were referred to by counsel upon the oral argument These cases need not be considered except where the facts involved are most closely related to the facts in the case at bar. The court

have well stated that the answer as to whether there is a labor dispute must depend upon the circumstances in each individual case.

The case of *Bond Stores, Inc.*, v. *Turner* (258 App. Div. 769) is important, as the facts are very similar to the facts involved in the case at bar. In that case the plaintiff conducted a retail clothing store. It brought an action, asking, among other things, for an injunction restraining the defendant union from picketing its place of business. Temporary injunction was denied at Special Term. The Appellate Division reversed and granted the injunction. In that case the plaintiff employed four clerks. Each had been importuned to join the defendant union and had refused. A representative of the defendant union had stated to one of them, " You will join or else." There were sixty-three employees in the same local industry. At a meeting sixty of the sixty-three employees voted not to join the defendant union. The defendant union predicated its claim that there was a labor dispute upon the refusal of the plaintiff employer to sign a closed shop agreement with the union of which none of its employees was a member and none desired to join. The court held that there was no labor dispute involved and granted an injunction.

Opposed to this holding is the case of *Strauss* v. *Steiner* (173 Misc. 521), where the Supreme Court denied an injunction. This holding was affirmed in a memorandum decision of the Appellate Division (259 App. Div. 725). The Special Term, in a lengthy opinion, disagreed with the decision of the Third Department (*Bond Stores* case). In the *Strauss* case the plaintiff conducted a retail meat business and employed about twenty-six men. There the defendant union functioned in the butcher trade. That union picketed the premises. Several facts stated in the complaint were in issue. There the plaintiff had refused to negotiate and had refused to employ any union labor.

In view of the holdings in these two cases I feel that the decision in the *Bond Stores* case should be followed, particularly where, as in this case, the facts stated in the complaint have not been in issue. The defendants here contend that the case of *May's Furs & Ready-to-Wear, Inc.*, v. *Bauer* (282 N. Y. 331) has settled the law and in effect has sustained the holding in the *Strauss* case and overruled the holding in the *Bond Stores* case. In that case plaintiff sought an injunction against picketing and against other acts. A perpetual injunction was granted against all picketing. The court modified the injunction by striking out the provisions except those restraining violence and false and misleading statements. In that case harmony existed between the employer and

his employees. The defendant union did not include among its members any employees of the plaintiff. The court held that those facts did not sustain the claim that any labor dispute was involved. In that case an association of employees of the plaintiff joined with the employer as plaintiffs. In that case a labor union other than the defendant union had sought recognition from the employer as bargaining agent. Later the general organizer of the defendant union advised the employer that the plaintiff union had withdrawn and that the defendant union would continue efforts to obtain recognition as the bargaining agent. It may, therefore, be said that a dispute arose concerning the representation of employees.

Upon the foregoing statement and upon the authority of the case of *Bond Stores, Inc.*, v. *Turner* (258 App. Div. 769) an injunction is granted.

Ordered accordingly.